# Commonwealth *v.* Dudick, Appellant.    (No. 1)

*Crimes—Act of June* 14, 1923, *P. L.* 718—*Failure to render assistance after automobile accident—Circumstantial evidence—Sufficiency.*

Upon the trial of an indictment charging the defendant with violation of the Act of June 14, 1923, P. L. 718, which provides that any operator of a motor vehicle who shall have injured a person using the highway, shall stop and render assistance, it appeared by the evidence produced by the Commonwealth, that the defendant was seen driving towards the point of accident shortly before a child was found lying in an unconscious condition along the highway, and that a few minutes later when he stopped to pay toll, his hand shook and he was nervous and pale. The lens in the right headlight of the car was broken and the headlight badly bent. Shortly afterwards he was seen pulling up the right front fender which was bent down on the wheel. Later he had the broken lens replaced. When he was arrested he told conflicting stories as to his whereabouts on the afternoon of the accident.

An examination of the side of the road, where the child was found, disclosed an automobile track for some distance along the berm of the road. One of the child's shoes and two pieces of broken glass from the lens of the headlight of an automobile was discovered along the road. The defendant stated, after the child's death, that he was forced off the road near the point where the child was found, and that he felt a bump but thought he had struck a passing car.

Under such circumstances the evidence was sufficient to sustain a conviction.

Evidence of the speed at which the defendant was driving six miles from the scene of the accident, was relevant as tending to prove that the defendant would arrive upon the scene about the time the child was injured.

In the trial of such an indictment it was not improper to exhibit to the jury a shoe of the child which was found near the place where she was lying.

Glass which was found in the garage where the defendant had a new lens placed in the headlight, and that which was found at the scene of the accident, was properly admitted in evidence as tending to prove the glass was in the headlight of defendant's car the day of the accident.

Voluntary declarations made by a person charged with a crime, after the commission of the alleged offense, which are shown to be false are proper evidence for the Commonwealth as tending to establish guilt.

It was not error for the Court to charge that the case was one which depended entirely upon circumstantial evidence, even though the doctor who attended the child at the hospital testified that the child stated to him that she was struck by a street car.

All the testimony in the case being inconsistent with the child's statement to the doctor, the jury was free to find the fact to be otherwise.

Argued October 28, 1925. Appeal No. 65, April T., 1926, by defendant from the judgment of Q. S. Lawrence County, December Sessions, 1924, No. 74, on verdict of guilty in the case of Commonwealth v. Andy Dudick. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Indictment under the Act of June 14, 1923, P. L. 718, for failing to stop and render assistance. Before Emery, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were among others, various rulings on evidence.

*J. N. Martin,* of *Martin and Martin,* and with him *Cunningham and Graham* and *M. J. Kraus,* for appellant.

*R. L. Hildebrand,* District Attorney, and with him, *James A. Chambers,* for appellee.

OPINION BY GAWTHROP, J., December 17, 1925:

At the December, 1924, term of the Court of Quarter Sessions of Lawrence County, defendant was convicted on an indictment which charged that he violated Section 20 of the Act of June 14, 1923, P. L. 718, which provides that any operator of a motor vehicle who shall have injured the person or property of any other user of the highway shall stop and render such assistance as may be necessary. Upon this appeal from the sentence eighteen assignments of error are filed.

About 5:30 o'clock in the afternoon of Saturday, October 24, 1924, Mollie Deemer, aged a little over eleven years, was found lying in an unconscious condition on the west side of the concrete road leading from the City of New Castle to Ellwood City Borough, in Lawrence County. She was taken to the Ellwood City Hospital, where she died three days later. An examination of the body disclosed that she had sustained a severe injury to her head and a broken leg and was otherwise cut and bruised. The child had been delivering newspapers, and about fifteen minutes after five o'clock was seen walking in a northerly direction on the dirt berm on the west side of the concrete road at a point about four hundred feet south of the place where she was found. Less than ten minutes later defendant, who lived in Ellwood City, was seen driving alone in a Chrysler Sedan car southwardly along the concrete road at a point about seven hundred feet south of the place where the child was found. The speed of the car at that point was estimated at forty miles an hour. A

few minutes later defendant stopped to pay toll at a bridge leading into Ellwood City. At that time his hand shook and he was nervous and pale. The lens in the right headlight of his car was broken and the headlight was bent back at an angle of approximately sixty degrees. Defendant was next seen in front of his place of business in Ellwood City, where he got out of his car and pulled up the front right fender which was bent down on the wheel. He then got into the car and drove to a garage and had the broken lens replaced with a new one. Later in the evening after he was arrested, he told conflicting stories as to his whereabouts on that afternoon. There was evidence that he stated that he had been in New Castle in the afternoon and arrived home about 4:30 P. M., and that when he was asked whether he went back to New Castle later in the day he said that he did not; that when he was asked who was with him at the time he said he was accompanied by a priest; that after he was locked up he asked for his family and stated that they could establish innocence because they were with him; that he said that he "was by himself." An examination of the ground at the side of the road where the child was found disclosed an automobile track extending from forty to one hundred feet along the berm of the road and off the concrete. Some newspapers which the child had been delivering, several pieces of small change, some buttons from her coat, one of her shoes and two pieces of broken glass from the lens of the headlight of an automobile were found near the spot where her body lay. A witness testified that after the child's death, when defendant was arrested on another charge, he said that on the day when the child was injured he met two cars near the point where the child was found, and that these cars forced him off to the side of the road and in passing them "he felt himself bumped; he thought that it was the car he was

passing he bumped. And he said 'if he had hit the girl at this time he didn't know it, as he was watching the two cars he was passing and had his head turned that way.' " Defendant offered no testimony.

The first, second, third, fourth and fifth specifications of error complain of the admission and the refusal to strike out the testimony of certain witnesses for the Commonwealth as to statements by defendant in respect to his actions on the afternoon the child was found. Some of the statements, evidence of which was admitted, were made before defendant was arrested; others were made after he was in custody; all of them appeared to have been made voluntarily, with a full knowledge of his rights. They were not incriminating of themselves, but were explanatory or exculpatory. Voluntary declarations made by a person charged with a crime, after the commission of the alleged offense, which are shown to be false are proper evidence for the Commonwealth as tending to establish guilt: Com. v. Johnson, 162 Pa. 63, 71. If the statements attributed to defendant were true they were exculpatory and helped rather than injured him. If they were false they were inculpatory. The testimony was competent and its effect was a question for the jury.

The sixth specification of error complains of the refusal to strike out the testimony of Thomas English, who testified without objection that on the day the child was found he saw defendant pass his garage on the concrete road at about 5:20 P. M. at a rate of speed estimated at sixty miles per hour. The garage is about six miles from the point where the child was found. The motion to strike out was not made until the examination was concluded. All of the testimony of the witness, except that which related to the speed of defendant's car, was striken out. We think that the motion to strike out came too late and might have been refused entirely, but evidence of the speed at which

defendant was travelling six miles from the point at which the Commonwealth contended he struck the child was relevant as tending to prove that defendant would arrive upon the scene about the time the child was injured.

The seventh and eighth specifications of error relate to the Commonwealth's offer in evidence of the shoe of the child, which was found near the place where she was lying, and the exhibition of it to the jury. There is no merit in these assignments.

The ninth, tenth and eleventh specifications of error complain of the admission in evidence of Commonwealth's Exhibit B, which was the glass found at the scene of the accident, Commonwealth's Exhibit C, which was the glass found in the garage where he had a new lens placed in his headlight, and Commonwealth's Exhibit E, which was a lens similar to the one a part of which was found at the scene of the accident. The contention of the Commonwealth was that the pieces of glass in Exhibit B and Exhibit C were part of the lens which was in defendant's right headlight on the day of the accident, and that the fact was demonstrated by the way the pieces fit together. Those exhibits were competent and relevant evidence on that question. We are not satisfied that Exhibit E was relevant, but we are clear that its admission did defendant no harm.

The subject of the thirteenth specification of error is that part of the charge which stated that the case was one which depended entirely upon circumstantial evidence, that the Commonwealth depended upon that character of evidence for a conviction and that there were no eye witnesses to the alleged accident. Appellant urges that this was error, because the Commonwealth called to the stand Dr. H. E. Helling, who testified that when the child was taken to the hospital she was in a dazed condition, but that she told him her

name, asked for a drink of water and said that she had been struck by a street car, but was unable to give any of the particulars as to the accident and within a half hour became unconscious and remained so until her death. This testimony did not have the effect of rendering erroneous the part of the charge under consideration. The trial judge was correct in stating that the case depended entirely upon circumstantial evidence. The Commonwealth called no person who saw defendant run into the child. All of the evidence in the case, except the child's statement as related by Dr. Helling, was utterly inconsistent with the idea that the child had been struck by a street car. There was a trolley track which ran parallel with the road on which the child was injured. At the point of the injury the track was more than one hundred feet distant from the side of the road and was separated from the highway by a mesh wire fence. Our reading of the record convinces us that the suggestion that the child met her death as the result of being struck by a street car is wholly without support in the evidence, excepting the testimony of Dr. Helling as to the child's statement to him. It is quite possible, if not probable, that the child's statement to the physician was that she had been struck by a car, and that the physician got the idea that she said it was a street car. Doubtless Dr. Helling was entirely candid and honest in his testimony. But his evidence does not amount to that of an eye witness and does not have the effect of rendering erroneous the part of the charge which is the subject of this assignment.

By the fourteenth specification of error it is urged that the learned trial judge erred in that part of his charge which defined and explained circumstantial evidence. We find no merit in the complaint. If counsel for defendant desired elaboration on the subject the request should have been made.

Defendant's third and fourth points for charge requested the court to instruct the jury that the Commonwealth was bound by the testimony of Dr. Helling to the effect that Mollie Deemer told him that she had been struck by a street car and that, if the jury believed that the child told the Doctor that she had been struck by a street car, that it must find a verdict of not guilty. The points were properly refused. Even if the child told Dr. Helling that a street car caused her injuries, the jury were free to find the fact to be otherwise. Every line of testimony in the case other than that of Dr. Helling as to the child's statement to him is inconsistent with the fact that death resulted from a street car.

The complaint raised by the seventeenth and eighteenth assignments is that the evidence was insufficient to sustain the conviction. After the most deliberate consideration of it we are constrained to hold that the injuries sustained by the child are inexplicable on any other theory than that she was struck by the automobile which defendant was driving. The theory suggested by the defense in its cross examination that the child may have been struck by a street car does not seem to us remotely possible. It is wholly unreasonable. Defendant's appearance at the toll bridge almost immediately after he passed the place where the child was found, the condition of his car, the presence of the glass near the child's body, the marks of an automobile wheel off the concrete, the statement of defendant that he was forced off to the side of the road near the place the child was found, and the contradictory statements, and even falsehoods, of defendant tending to establish that he was not near the scene of the accident when it occurred point beyond reasonable doubt to him as the cause of the child's injuries. As it was light and clear when the accident happened, the inference that he knew that he struck the child and failed to stop is equally clear.

All of the assignments of error are overruled, and the judgment is affirmed, and the record is remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed when the appeal in this case was made a supersedeas.