## Commonwealth of Pennsylvania *v.* Skwortzo, Appellant.

Argued April 10, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

J. *Thomas Hoffman,* and with him *Guy B. Hoge,* for appellant.

*Jacob E. Kalson,* Assistant District Attorney, and with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY TREXLER, P. J., July 13, 1934:

On the morning of June 30, 1932 a fire broke out in the home of James Skwortzo, the appellant. He was charged with arson, tried and together with two other defendants convicted.

The appeal is taken by the defendant for the reason, as he claims, that there was not enough evidence to convict. There is no question that the building in which the fire occurred was in the control of the defendant and there is circumstantial evidence produced warranting the court below in submitting the matter to the judgment of a jury. Mrs. Richardson, who lived between fifty and sixty-five feet from the home where the two men, Zaleski and Pauline Alifinoff, confederates of Skwortzo, were living, testified that on the afternoon of June 29th, the day preceding the fire, the defendant appeared with a package at that place, that Zaleski opened the door and admitted him. She identified the defendant and the circumstances were such that she necessarily had a good view of him. The condition of the house showed a deliberate attempt to prepare it for the spread of any fire that might be started. There was evidence of fire in the washing machine in the basement and a keg there had an odor of kerosene or gasoline. There was oil in the clothes presses and around the baseboards of the room, which had not dried even several hours after the fire. The

defendant was in financial difficulty. A sci. fa. sur mechanic's lien notice had been posted on the premises by the sheriff. The property was insured. A man, answering the description of Zaleski, who was co-defendant, was seen leaving the home of the appellant immediately after the fire was discovered. The contention of the Commonwealth is that he was the "touch-off man" in the fire, and it appears that he received severe injuries presumably in starting it. Just two days before the fire the defendant sent three of his children to Pittsburgh to visit an uncle, and they did not return until after the fire. On the night of the fire the defendant and the rest of his family, excepting those who had been sent away, were occupying the first floor with a window opening directly on a porch, a door leading from this room which opened in through the hall was barred a heavy dresser being shoved against it leaving the window the only avenue of escape. The absent children usually slept upstairs. The window shades were drawn for two days before the fire. Practically all the wearing apparel and bed clothes upstairs had been removed. The neighbors, and members of the fire company, testified that they smelt a strong odor of kerosene. A witness, who lived across the street, was sleeping when he heard the noise of some one shooting, and then he noticed the fire in the Skwortzo Home, he also smelt an odor of carbon oil, and when he saw the defendant the next day and stated, "I ask him, Well, Skwortzo that house is burn down. You put too much kerosene on, firemen come so quick," he answered him with an insulting epithet, but no denial.

There was testimony, not directly pointing to the commission of the crime but, which affected the credibility of the defendant. There was no doubt about it that Skwortzo had seen Zaleski and Pauline Alifinoff, co-defendants, previous to the fire, but he testified

he never saw them, which is in direct contradiction of Mrs. Richardson, who positively identified him, as above stated.

This is the substance of the testimony which was produced in the case, and there was enough to support the natural presumption that the defendant was the moving spirit in procuring the lighting of the fire. It is not "so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances." Brown v. Shock, 77 Pa. 471, Commonwealth v. DuBoise, 269 Pa. 174, (169), 112 A. 461 and Commonwealth v. Dudick, 87 Pa. Superior Ct. 25.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.