Commonwealth *v.* Russella et al., Appellants.

360

Argued October 8, 1934. Before Trex-
ler, P. J., Keller, Cunningham, Baldrige, Stadtfeld,
Parker and James, JJ.

*Gilbert S. Parnell,* for appellants.

*W. M. Ruddock,* for appellee.

Opinion by James, J., March 13, 1935:

The appellants, Isadore Russella and Joswell Rus-
sella, his son, were jointly charged on an indictment,
the first count, with arson under the Act of 1929, P. L.
767, and the second count with burning personal prop-
erty with intent to defraud an insurance company.
Both were convicted; their motions for a new trial

were refused and sentences imposed, hence this appeal.

The testimony of the Commonwealth discloses the following facts: Isadore Russella was the owner of a dwelling house on North 11th Street, Indiana, Pa., in which he resided with his wife and nine other members of his family including his son Joswell. The dwelling contained a kitchen, dining room, bedroom and hallway on the first floor and three bedrooms on the second floor. At about 7 a. m. on October 1, 1933, a fire was discovered in the house. When the fire company arrived at the scene of the fire, they found none of defendant's family at the home and all the doors and windows locked. The firemen broke in and fire was discovered in the hall and in the front room downstairs. In the kitchen chairs had been piled on top of the table next to the stove and rags had been piled over the chairs. In the front room boxes were piled up, one on top of the other with paper streamers over them; above the boxes was a large hole in the ceiling the lath broken, and in the room directly above, holes had been freshly bored in the floor and boards taken out, and the same condition in the other bedrooms. The bedrooms contained an iron bed, spring, mattress and chair but no bed clothing except a bed cover. The trunks contained but one suit of child's underwear and the downstairs closets contained some mining clothing. Wooden baskets containing inflammable material were found burnt and charred near the wall on which they had been hanging at the time the fire began; the fire had apparently burnt the handles from the baskets causing them to drop to the floor leaving the handles still hanging to the nails on the walls. In the cellar was found a candle that had been on the floor burning. The house was heavily charged with the odor of turpentine and a jug was found in the clothes press containing turpentine. Rags saturated with turpentine

were found in one of the holes which had been cut in the flooring in the second floor in the north room.

Defendant, Isadore Russella, carried $3,000 of insurance, with a mortgage clause payable to Francesco Agnello, upon the dwelling and $1,000 insurance upon the personal property, the value of which was fixed at $300.

The defendant's testimony showed that on Saturday evening, September 30, the defendants had left with nine other members of their family and they all went to Punxsutawney in Isadore Russella's car, a two-seated Pontiac, to visit the home of a friend, Joseph Fantosa. Prior to their departure, the house had been locked by Isadore Russella. They left Indiana about 5:30 p. m., arrived at Punxsutawney about 7 p. m. and remained at the home of Joseph Fantosa until the following evening when they returned home and discovered the fire. Joseph Fantosa, with his wife and child, lived in a five-room house and the eleven members of the Russella party remained at the home all that night. This story was corroborated by the testimony of Joseph Fantosa and his wife and by his neighbors. Testimony was also offered to the effect that the defendant, Isadore Russella, was the owner of a large building containing eight apartments and two stores and that outside of the mortgage, he only owed $100 taxes. Both defendants denied any complicity in, or knowledge of the burning, but that the fire was of an incendiary origin was not disputed. At the conclusion of the charge, the court asked counsel whether there was anything more they desired the court to charge the jury about, and both counsel replied no.

In the recent cases of Commonwealth v. Perdikakis, 113 Pa. Superior Ct. 320, 173 A. 472; Commonwealth v. Skwortzo, 113 Pa. Superior Ct. 345, 173 A. 480; Commonwealth v. Buti, 113 Pa. Superior Ct. 385, 173

A. 890; Commonwealth v. Pulemena, 113 Pa. Superior Ct. 430, 173 A. 462, in which convictions for arson were sustained, the circumstances were not more convincing than the circumstances in the present case. We are convinced there was sufficient testimony to justify the jury in finding a verdict of guilty as to the father Isadore Russella, but are not convinced that the testimony was sufficient to warrant the conviction of the son, Joswell Russella.

We shall first discuss the assignments of error as affecting Isadore Russella. Under assignments of error one and five, appellant contends that the court erred in excluding testimony as to the purchase by defendant and his family of new furniture and new dishes and that cash was paid for them. The testimony showed that a new home was furnished about a month after the fire which was entirely too remote as to time to render the proposed testimony competent. Too many factors may have entered into the status of the defendant, that the purchase of furnishings for cash would not shed any light upon his guilt or innocence.

Under assignments of error three and four, complaint is made that the court failed to charge the jury that proof of a demand by the defendants or either of them upon any of the insurance companies for the payment of money under the insurance policies, was an essential element of one of the crimes charged. Under Section 4 of the Act of April 25, 1929, P. L. 767, the crime is established not by a demand for insurance but upon proof that the defendant has set fire to or burned or caused to be burned or has aided, counseled or procured the burning of personal property of any kind which at the time is insured. Proof of the burning of personal property upon which insurance has been placed and not proof of demand is the essential of the crime. Complaint is made in the sixth assign-

ment of error that the court erred in not charging the jury that the facts and circumstances were not inconsistent with the innocence of the defendants. No such request was made by defendants' counsel, but in view of what we have heretofore stated, no error was committed.

In assignments of error seven and eight, error is alleged in failing to unqualifiedly and without modification affirm the first and second points submitted by the defendants. An examination of the record establishes that both of these points were affirmed. Under the ninth assignment of error, complaint is made that the court failed to unqualifiedly and without modification affirm defendants' third point. The answer of the court was as follows: "We approve that with this explanation that if the circumstances lead your minds to the conclusion beyond a reasonable doubt, you should return a verdict of guilty." In so answering, we do not feel that it in any manner minimized the correctness of the principle involved in the point.

Under the tenth assignment of error complaint is made that the court did not charge the jury that one of the defendants, Joswell Russella, was not a party to the insurance policies and did not carry any insurance on the burnt property; under assignment eleven, complaint is made that the court did not charge the jury that the insurance policies on the burnt building were written in the name of Isadore and Rosella Russella; under assignment of error twelve, appellant complains that the court failed to charge the jury that there was a mortgage of $3,000 payable to Francesco Agnello, under which clause any sums receivable on the policies would be payable to Francesco Agnello. Undoubtedly had these omissions, if they may be classified as such, been drawn to the attention of the court, the jury would have been so charged. Defendant's counsel was given full opportunity at the close of the

charge to make any suggestions as to omissions or corrections that should have been made; it is now too late for him to complain.

Under assignment of error thirteen, appellant complains of the following language of the court: "That the interior of the house has been practically stripped of its belongings; that is, there was no personal wearing apparel of the residents or occupants of that house." This statement was made while presenting the Commonwealth's contention and is fully justified as it is strictly in accordance with the Commonwealth's proof. The court's refusal to grant a new trial because of after discovered evidence, is the error alleged in the sixteenth assignment of error. The after discovered evidence alleged by defendants, is the finding of more personal property than was testified to by witnesses for the Commonwealth. The fire occurred October 1, 1933, but did not destroy the home and was in the possession of the defendants from October 1, 1933, until the date of the trial, March 14, 1934. The affidavit, which was filed by three merchants, stated that they went to the defendant's home after the trial on March 15, 1934, and made inventories of the personal property which they found in the house on that date which even if accepted as true did not establish what the personal property was upon the premises immediately after the fire. During the period from October 1, to March 14, defendants were in a position to definitely ascertain what was on the premises. Under these facts, defendants have failed to comply with the well established rule as to after discovered evidence. It is incumbent on the party who moves for a new trial on the ground of newly discovered evidence to satisfy the court, (1) that the newly discovered evidence be such as could not with reasonable diligence have been discovered and produced at the trial, (2) that it be not merely cumulative and, (3)

that it is such as to render a different result probable on the retrial of the case: Commonwealth v. Brady, 76 Pa. Superior Ct. 488; Commonwealth v. Mellon, 81 Pa. Superior Ct. 20; Commonwealth v. Carter, 272 Pa. 551, 116 A. 409. The affidavit as filed did not comply with this rule. We have carefully examined the remaining assignments of error and believe them to be without merit. Upon an examination of the entire record, we believe the charge of the court to have been a fair and adequate presentation of the contention of the Commonwealth and the defendant and the verdict of the jury as to Isadore Russella was fully warranted.

Joswell Russella, twenty years of age, was one of nine persons who accompanied his parents on the evening in question. As against Joswell Russella the testimony does not rise any higher than the proof as against any other members of the party, concerning whom we have absolutely no information. The fact that he was a member of the household and left with his father, mother, and the other members of the party did not justify the jury in drawing the same inferences as against his father, the head of the household. Upon consideration of the entire record, we are convinced that the circumstantial evidence was not sufficient to justify the conviction of the son.

The judgment of the court of quarter sessions in the case of Commonwealth v. Joswell Russella, No. 156, April Sessions, 1935, is hereby reversed and the defendant discharged without day.

The judgment of the court of quarter sessions in the case of Commonwealth v. Isadore Russella, No. 155, April Sessions, 1935, is affirmed, and it is directed that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been completed when the appeal in this case was made a supersedeas.