## Drito v. Superior Fire Insurance Company of Pittsburgh, Appellant.

Argued March 9, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles C. Lark,* for appellant.

*Fred B. Moser,* for appellee, was not heard.

Opinion by Stadtfeld, J., April 15, 1937:

This is an action of assumpsit by Frank Drito against

Superior Fire Insurance Company of Pittsburgh, to recover on a fire insurance policy for losses alleged to have been sustained by fire to personal property on December 11, 1933. The plaintiff filed a statement of claim. The defendant filed an affidavit of defense, denying all liability. The plaintiff's statement of claim alleges the delivery of the policy in consideration of the premium "paid by the plaintiff to the defendant ......
the receipt whereof was in said policy acknowledged; a true copy of which said policy is hereto attached, marked 'Exhibit A' and made a part hereof." The affidavit of defense admits the above quoted allegation of plaintiff's statement of claim.

The case was tried before JAMES, P. J., 57th Judicial District, specially presiding. During the trial, plaintiff offered in evidence, and read into the record, paragraph 2 of his statement of claim containing the allegations above recited, together with the second paragraph of defendant's affidavit of defense admitting the same. The plaintiff did not introduce in evidence the insurance policy itself, forming the basis of this suit, nor was it placed on the record by the court. At the conclusion of the trial, defendant presented a point for binding instructions, which was refused by the trial judge without reading. There was a verdict in favor of the plaintiff and the defendant made a motion for judgment n. o. v. which was refused by the court in banc in an opinion by the trial judge. Judgment was entered on the verdict and thereupon this appeal was taken.

The only assignments of error are the refusal of binding instructions in favor of defendant, and the refusal of defendant's motion for judgment non obstante veredicto.

The only matter urged in support of these assignments is the failure to offer in evidence the policy of insurance upon which the suit was instituted.

In view of the admission by defendant of the delivery

of the policy and that Exhibit "A" attached to the statement and made a part thereof is a true copy of the same, we cannot see in what manner the defendant was injured by the failure to offer the policy itself. With the offer and admission of paragraph 2 of the statement, both sides had the advantage and the right to urge anything contained in the policy itself. The offer of and reading into the record, paragraph 2 of the statement, were strictly in accordance with one of the methods set forth in *Buehler v. United States Fashion Plate Co.* 269 Pa. 428, 112 A. 632.

At the trial of the case, the only question at issue and on which it was tried, was the amount of damage, if any, sustained by plaintiff.

In the charge of the court to the jury, the trial judge stated in the opening thereof: "It is undisputed in this case that the plaintiff had a contract of insurance with this defendant, that this policy was in force at the time of the fire, and it is admitted by the defendant that this policy was in force and that there was a fire, and that there was some damage or loss occasioned by the fire, and that the plaintiff was entitled to a just and fair verdict in the sum which was due this plaintiff to restore that loss."

At the conclusion of the charge, the trial judge asked counsel: "Any further charge?" No request was made for any correction nor attention called to the alleged omission to offer the policy itself, and only a general exception taken. The Act of May 24, 1923, P. L. 439, 12 PS Sec. 1197, provides for the taking of a general exception and specifically sets forth: "But it shall not operate or be construed to be an exception to any matters of fact inadvertently misstated by the Court unless the Court's attention is called to the alleged misstatement prior to the taking of such exception."

Quoting from *Tropical P. & O. Co. v. Sharon Bldg. Co.,* 313 Pa. 51, at p. 52, 169 A. 105: "Moreover, at the

conclusion of the charge, and before the jury retired, counsel for defendant took general but no specific exceptions to the portions of the charge now alleged to be error, nor was there a request that additional instructions be given to the jury on the points in question. 'A party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless': *Com. v. Razmus,* 210 Pa. 609, 611; *Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co.,* 233 Pa. 369, 372. The general rule is that failure to except particularly to the trial judge's omission to give further instructions on any branch of the case precludes raising the question subsequently upon a general exception: *Dravo Contracting Co. v. James Rees & Sons,* 291 Pa. 387, 393; *Liacopoulos v. Coumoulis,* 298 Pa. 329, 336." To same effect see *Vogeley v. Hay,* 86 Pa. Superior Ct. 266; *Com. v. Trunk, Rinalducci & Cassidy,* 105 Pa. Superior Ct. 569, 161 A. 767; *Com. v. Russella et al.,* 117 Pa. Superior Ct. 359, 177 A. 506.

Quoting from the opinion of the trial judge: "The only evidence defendant submitted was on the question of damages. Not one objection was made throughout the trial by counsel for defendant on the ground that the contract was not in evidence or was considered as not being in evidence. Had counsel for defendant raised this question before proceeding with his defense, or at any other time before the jury was sent out, the Court would have had an opportunity to correct any impression on the part of the defendant that the contract was not considered as in evidence."

The assignments of error are overruled and judgment affirmed.