## Commonwealth of Pennsylvania v. Perdikakis, Appellant.

Argued March 12, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*H. Russell Stahlman,* and with him *Jacob E. Horewitz,* for appellant.

*Wade K. Newell,* District Attorney, and with him *T. A. Waggoner, Jr.,* Assistant District Attorney, for appellee.

Opinion by Trexler, P. J., July 13, 1934:

Defendant was indicted for setting fire to the building in which he had a store and of which he had ex-

clusive possession. The building was a two-story frame structure, the second story being an apartment, which was vacant at the time of the fire. In the rear of the defendant's store there was a candy kitchen, which was in the possession of the defendant, and used as a storage room and also for making candy. There was a front door and a rear door. Defendant closed his store about midnight, the end of Friday; he locked the rear door leaving the key in the lock on the inside and went out of the front door locking it and taking the key with him. The lock was a Yale lock. He roomed a short distance from the store. About 3:30 Saturday morning, the storeroom was discovered to be on fire. After the fire had started there was an explosion, which shook the adjoining windows causing the glass in one of the front windows of the store to be blown across the street and to land on the sidewalk, and the explosion was so violent as to cause the east side of the room to be pushed out from four to six inches. When the firemen arrived both doors were found locked, the key to the rear door being on the floor. After the defendant arrived he unlocked the front door with the key which he had in his possession. Paper soaked in gasoline was found between a refrigerator that was in the room and the wall. Three (3) five gallon cans were found in the candy kitchen, which had the odor of gasoline, containing a small quantity of liquid. The defendant was asked about these cans in his storeroom. He denied there were any cans in his storeroom. In the kitchen near the cans a long piece of powder fuse partly burned was found. Defendant disclaimed any knowledge of it. There was no escaping gas which would explain the cause of the explosion. A short distance from the rear door of the defendant's storeroom there is a path which leads from the rear of the storeroom to a house on the next street on which defendant lives.

A woman, who lived not far away, heard a noise of steps upon her back porch and a sound as if some one had fallen against the side of the building, and the steps of some one running from her house toward the street where the defendant lived. The officers testified that when the defendant was arrested he had a fresh scar on his face, which he claimed he got by falling on the pavement. Defendant afterwards denied that there was a scar on his face, or that he had made any such statement. Defendant carried $4,025 insurance on his merchandise and fixtures. Some effort was made to show that this was not large considering the cost of replacement. It was, however, in excess of the market value. Business conditions in the locality were extremely bad. The defendant when on the witness stand denied any connection with the fire. The court, in its opinion on motion for a new trial and in arrest of judgment, stated that the manner of the defendant upon the stand was not good. As already stated, the defendant was in exclusive possession of the premises. The fire was undoubtedly of an incendiary origin, and under the facts, as above stated, we are of the opinion that there was sufficient to fix the crime upon the defendant.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.