Commonwealth of Pennsylvania *v.* Buti, Appellant.

Argued May 7, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Anne X. Alpern,* for appellant.

*Earl R. Jackson,* Assistant District Attorney, and with him *A. T. Park,* District Attorney, for appellee.

Opinion by Trexler, P. J., July 13, 1934:

The defendant was convicted upon an indictment charging him with arson. Motions for a new trial and arrest of judgment were refused, and this appeal followed.

The evidence offered was circumstantial, and the question before us is whether there was sufficient testimony to warrant conviction. It may be summarized as follows:

The defendant was in possession of the premises and had control of them, and spent some time in them several hour before the fire. At the time of the fire the doors and windows of the house were barricaded, an electric fan was in such a position that a jury could believe that it had been used to stir the blaze; photographic film of celluloid, an inflammable material, was strewn over the house from the seat of the blaze to other rooms and were tied together by twine and

this showed great care in the preparation so that if once a blaze came up it would travel; rags soaked with turpentine were found at the place where the fire started and three other places, some being pushed between the plaster and the wall. In addition to these facts it developed that the defendant carried both property and household goods insurance, and he would have profited by the destruction of them. At the time the fire was discovered, neither the defendant nor any of his family were at the house, but were at a friend's home about one mile away. The defendant hurt his case by statements inconsistent with subsequent declarations when he returned to his home after the fire. He stated to the police he had not been home since seven o'clock that morning and that he had sent his son home to fix the fire. At the trial he testified that he was home from 6:30 in the evening until 8 P. M. The fire occurring at approximately 11:30 P. M. When he appeared upon the scene he gave no evidence of excitement, but was calm. The fire was, no doubt, of an incendiary character.

The case of Commonwealth v. Pane, 110 Pa. Superior Ct. 367, 168 A. 510, cited by the appellant differs materialy from the present. In that case it appeared that the defendant did not have any interest in any insurance on the building that might have been placed upon it. Each case must be decided on its own facts. Considering all the testimony we think the conclusion reached by the jury was justified by the evidence produced.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.