## Commonwealth *v.* De Martini, Appellant.

Submitted November 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George Jerko,* for appellant.

*Edwin M. Clark,* District Attorney and *W. M. Ruddock,* Special Assistant District Attorney, for appellee.

OPINION BY JAMES, J., January 29, 1937:

Appellant, Mike De Martini, was convicted on two indictments; the first charging arson, and the second the burning of personal property with intent to defraud the insurer.

On July 3, 1935, and for more than a month prior thereto, appellant with his wife and three children resided in Homer City, Indiana County, Pa. in a house owned by the Homer City National Bank. The house consisted of four rooms, two down, two up with a small kitchen on the rear. Appellant carried $2,500 of insurance on his household furniture and after the fire, submitted proofs of loss which estimated the value at $2,113.18, and the damage at $1,788.38. One witness for the Commonwealth testified that the value of the furniture before the fire was $700, while another fixed $500.

A next-door neighbor testified that on July 5, 1935, at about 3 A. M., he was awakened by a slight explosion in the house next door. He went out doors and saw that the whole downstairs of the appellant's house was aflame. From his testimony, and that of other witnesses, it appears that all the doors were locked and that none of the appellant's family were at home. Other witnesses for the Commonwealth were members of the volunteer fire department, who had responded to the fire, and a fire marshal, whose testimony may be briefly summarized as follows: After the fire had been extinguished entry was made through the kitchen door and an oil, gasoline or turpentine odor was discovered. The electric lights and gas were tested and found in working order. A piece of fuse used for putting off dynamite, was found leading from the outside under the front door, and a piece found at the foot of the stairway; charred fuses were found in the debris in the cellar. Bedding upstairs, partially burned, had been oiled; gasoline was found on the floor and the furniture. At the foot of the stairs, near the front door, was a pile of rubbish that had been oiled, and the walls indicated a flash fire. The greatest damage was caused to the front room, stairway and upstairs, and the furniture was seared and burned.

The defense was an alibi. Appellant together with several witnesses testified that he and his wife and three

children left Homer City about 7 P. M. on July 3, to visit his wife's brother, Charles Tòmasella, at Portage, which was 40 miles distant. Before he left, appellant had locked the front door and his wife, or someone else, had locked the kitchen door; that neither he nor his family returned to Homer City until about noon of July 5, after he had been notified of the fire. On his trip to Portage, he had taken two bags and a suitcase. He testified that sixteen persons in all slept in the Tomasella home, which was a house of six rooms, three of which were bedrooms. Appellant further testified that after the fire he conducted his shoemaker shop and was sold out about two weeks later.

The first question urged by appellant is that the evidence was not sufficient to establish that he was guilty of the crime. We have recently reviewed a number of similar cases, many of which are referred to in *Com. v. Pogach*, 119 Pa. Superior Ct. 510, 180 A. 126, where the general rules, by which the evidence must be tested, are set forth. The evidence is overwhelming that the fire was of an incendiary origin, and although the evidence connecting appellant is entirely circumstantial, we are convinced it was sufficient to justify the jury in finding a verdict of guilty. Appellant was the last occupant of his home and locked the front door prior to the family's departure. The premises indicated that elaborate preparations had been made for a successful fire; the amount of insurance, several times the value of the household furniture, established a motive, and that appellant was in financial difficulties, can be inferred from the forced sale of his shoemaker shop a short time after the fire. Although there was no proof that appellant returned to his home between 7 P. M. on July 3 and 3 A. M. July 5, it would not have been difficult for him to return from Portage and go back again. On the other hand, there was no evidence that anyone else had a motive to set fire to the house, or that

anyone had been seen near the home after appellant's family had left. To reconcile these circumstances with defendant's innocence was a question for a jury.

Appellant argues with much earnestness that the present case is ruled by our decisions in *Com. v. Pane,* 110 Pa. Superior Ct. 367, 168 A. 510 and *Com. v. Pogach,* supra. In the Pane case, a tenant and the renting agent, the appellant, were jointly indicted and convicted, but no appeal was taken by the tenant; no motive was shown for the appellant causing the fire, but it was shown that the tenant had a motive and an opportunity and was in possession. In the Pogach case, it was a serious question whether the fire was of incendiary origin or had been caused by a spark from a hot air furnace; there was no proof that defendant was in financial difficulties, nor that he was over insured, coupled with the unusual circumstance that the fire occurred just before the best business day of the week, and the only proof of inflammable substance were empty cartons, which had a lot of oil stains and a pan which had a strong odor of gasoline found in the cellar some distance from the location of the fire, for which satisfactory explanation was made. In the present case, a motive was shown and defendant was the occupant of the premises. As we view the facts in the present case, they are quite analogous to those in *Com. v. Russella,* 117 Pa. Superior Ct. 359, 177 A. 506, in which the conviction was sustained.

Appellant's motion for a new trial was based on the admission, over his objection, of the testimony of Harry Flickinger and Lisle Flickinger to the value of the personal property on the premises at the time of the fire. These witnesses, father and son, were members of the fire company and had assisted at the fire. Both were, and had been for many years, engaged in the furniture business, and were generally familiar with the value of furniture such as was owned by the appellant. Much

of the furniture in the house at the time of the fire had been sold by them, had been seen by them in the home of the appellant on several occasions, and after the fire they identified much of the furniture and examined all of it. Who are competent to express opinions on the value of such property is a question resting largely in the discretion of the trial judge, with which an appellate court cannot interfere except in a clear and strong case: *Allegro v. Rural Valley Mut. F. Ins. Co.,* 268 Pa. 333, 112 A. 140; *Davis, Trustee v. Southern Surety Co.,* 302 Pa. 21, 153 A. 119; *Altman v. Lande,* 84 Pa. Superior Ct. 399. The degree of the witness's knowledge may affect the weight of his evidence but does not disqualify him if he appears to have had some familiarity with the subject. Both of these witnesses were specially qualified and the trial judge very properly permitted them to express their opinions.

The assignments of error are overruled and the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.