Commonwealth *v.* Patrick, Appellant.

Argued October 5, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*William T. Patrick,* appellant, in propria persona, submitted a brief.

*Damian McLaughlin,* District Attorney, for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

This is an appeal from a conviction and sentence under indictments charging forgery and burglary.

The defendant's first allegation of error is that there was no severance of the four indictments for forgery and the single indictment for burglary, but that all were consolidated in one trial. The only reason advanced as an objection is that the evidence was insufficient to support each charge separately, but that the combined weight convinced the jury. There is no merit to this contention. The consolidation of indictments is within the sound discretion of the trial judge and will not be reversed unless the defendant clearly shows he was prejudiced thereby. *Commonwealth v. Kaysier,* 166 Pa. Superior Ct. 369, 71 A. 2d 846. It is clear from this record that a severance would merely have required the Commonwealth to produce the same witnesses who would have given substantially the same testimony. There is no testimony in this case which is so unrelated to any of the indictments as could have possibly influenced the jury. Further, the matter was not raised in the motion for a new trial and therefore is not properly before us. *Commonwealth v. Neuman,* 151 Pa. Superior Ct. 642, 30 A. 2d 698.

The other allegations of error relate only to the sufficiency of evidence as to both forgery and burglary. The evidence disclosed that the office of a businessman was burglarized and a check protector and several blank checks were missing. Later four checks were cashed by the defendant bearing the businessman's signature. The checks were imprinted with the same check protector and typed with a typewriter to which the defendant had access, both of which facts were admitted by the defendant. It was also proven that the check signatures were forgeries by tracing.

The defendant's primary complaint with respect to the evidence is that it is circumstantial and does not eliminate all doubt as to his guilt by removing all other possible hypotheses. The evidence is not all circumstantial. The theft was directly testified to as were the proof of forgery and the identification of the defendant as the party who cashed the checks. The remaining circumstantial evidence was sufficient to permit the jury to infer guilt beyond a reasonable doubt. "When a crime charged is sought to be sustained wholly by circumstantial evidence the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and should be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt." *Commonwealth v. Marino*, 142 Pa. Superior Ct. 327, 334, 16 A. 2d 314; *Commonwealth v. Margie*, 165 Pa. Superior Ct. 84, 68 A. 2d 194.

It is, therefore, unnecessary to exclude every conceivable hypothesis as to the occurrence of the forgeries and burglary. Our review of this record discloses that the evidence was wholly sufficient to submit to the jury and to sustain the verdicts of guilty beyond a reasonable doubt.

Judgments of sentence affirmed.