Burg *v.* Aberman, Appellant.

Argued November 14, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

2

*Samuel Avins*, for appellant.

*John G. Masick*, for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

Anchel Burg, plaintiff, entered suit against A. J. Aberman and A. J. Aberman, Incorporated, to recover the sum of $3,000.00 as broker's commissions for his activity in connection with certain real estate transactions. The action is based on an oral contract. The events which led up to the consummation of the alleged agreement were as follows:

George A. Meyers was an owner of a parcel of real estate located in the 29th Ward of the city of Pittsburgh. Plaintiff contends that, as a result of his activities, A. J. Aberman entered into a contract with George A. Meyers to purchase the parcel for $70,000.00. He also claims to have negotiated certain leases with the Kroger Company and the Jefferson Grocery Company under terms agreeable to the defendant. Two separate commissions are involved in this case, one for $2,500.00 for the transaction of the parcel and the other for $500.00 for the leases.

The evidence reveals that a conveyance of the Meyer property was subsequently made; but it also very clearly educes the fact that no leases whatsoever were executed, as claimed, by either of the grocery companies.

Defendant not only denies entering into any oral agreement, but avers that the sale of the parcel was in no manner the result of the activities of the plaintiff.

Mr. Aberman in his testimony states that the only conversation he ever had with plaintiff was concerning a contract for the construction of a building on the premises in question, providing that plaintiff would be the low bidder.

The jury returned a verdict in favor of the plaintiff in the sum of $2,500.00. A motion for judgment n.o.v. was made and refused. A motion for a new trial was granted by the court on the ground that the verdict was against the weight of the evidence. The lower court's refusal to grant defendant's motion for judgment n.o.v. is the basis of this appeal.

We see from the testimony, that sometime prior to the events above recited, plaintiff himself became interested in the property, acquired an option on it, which he failed to exercise, and lost $3,000.00.

From the record it is difficult to determine whether the plaintiff was acting for the seller, for the purchaser, or for himself.

On page 17a, plaintiff's testimony is as follows:

A. And he told me he would buy the property. He says, "Of course, if I buy it." He says, "I want the commission." He says, "I will try to buy it for a low amount and I will take care of you. I will see that you get your commissions due you." We agreed on the price of $2,500. Then I went back to see Mr. Meyers.

Additional testimony as to the oral contract appears on page 21a.

Q. After you spoke with Mr. Meyers in his office in May of 1951, did you at any subsequent time speak with Mr. Aberman again?

A. Yes, sir.

Q. Approximately when did you have such conversation with him?

A. At the time that Mr. Meyers was negotiating for the final contract with Mr. Aberman.

Q. Well, when was that, approximately?

A. Well, I assume it was the latter part of May.

Q. Of this same year?

A. Yes, sir.

Q. And on that particular occasion what was the substance of your conversation with Mr. Aberman?

A. That I would be given a fee of $2500 plus $500 and he would buy it subject to no commission being paid by Mr. Meyers.

In considering the motion for judgment n.o.v., the lower court had before it a case in which the testimony of the witnesses regarding the oral agreement is conflicting. In a case, such as this, where evidence is conflicting on a material fact, judgment n.o.v. cannot be entered. *Hostetler v. Kniseley,* 322 Pa. 248, 185 A. 300; *Lessy v. Great Atlantic & Pacific Tea Co.,* 121 Pa. Superior Ct. 440, 183 A. 657. On a motion for judgment n.o.v., the successful party must be given the benefit of every fact pertaining to the issue which may be reasonably deduced from the evidence. The test of the right to enter judgment n.o.v. is whether, at the close of the trial, the trial court should have given binding instructions.

The record, as viewed by us, presents disputed questions of fact and inferences to be drawn from them. They were submitted to the jury which found in favor of the plaintiff. The court below committed no error in refusing to grant a judgment n.o.v.

On the motion for a new trial the lower court in its opinion gave two reasons: ". . . first, the verdict is inconsistent in the light of the contention of the plain-

tiff that while separate commissions were to be allowed him, the sale was contingent upon the securing of a lease; and second, because the verdict was . . . clearly against the weight of the evidence."

A motion for a new trial on the ground that the verdict was against the weight of the evidence is addressed to the sound discretion of the trial court, and the appellate courts will not reverse an order granting or refusing a new trial unless palpable abuse of discretion appears.

Our examination of the entire record convinces us the court did not abuse its discretion in this case in granting a new trial.

Order affirmed.