Commonwealth *v.* Wisneski, Appellant.

Argued March 20, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Francis J. Moran,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., June 13, 1969:

This is an appeal by appellant Joseph Wisneski from the judgment of sentence of the Court of Quarter Sessions of Philadelphia County on bills of indictment charging arson and burning with intent to defraud an insurer.

Appellant was the owner of a three-story building located at 3048 Germantown Avenue, Philadelphia. Although the property had been utilized by appellant both as his residence and in the conduct of his roofing business, some months prior to March 1, 1967, appellant constructed a home in Absecon, New Jersey in which his common-law wife resided and he stayed on weekends and, occasionally, during the week. The convictions arise from a fire occurring on March 1, 1967, at the Philadelphia property.

Viewing the evidence in the light most favorable to the Commonwealth, the fire was undoubtedly of incendiary origin. At about 5:00 a.m. on March 1, 1967, two Philadelphia police officers observed smoke coming through several open windows on the second floor of the premises. The Fire Department responded immediately and the fire was brought under control within 25 minutes. Both the Fire Captain responding to the call and the Fire Marshal subsequently investigating the fire testified that three separate fires were burning independently within the building. The Fire Marshal testified that he could find no accidental cause accounting for the three fires and the burn pattern of one fire indicated that a flammable liquid had been used to accelerate burning. On the basis of these observations, he concluded that the fire was of incendiary origin and had been ignited within one-half hour of discovery.

Appellant purchased the property for $5500 in 1957 and an expert witness for the Commonwealth testified

that the fair market value of the property was about the same at the time of the fire. However, this witness further testified that real estate values in the neighborhood had been undergoing a general decline and that if appellant sought to sell the property in a short time he would be able to realize only about $2500. Appellant maintained a $10,000 fire, lightning and extended coverage insurance policy on the property and a $3500 policy on its contents. An employee of the Home Insurance Company of New York, which issued the policies, testified in reference to the $10,-000 extended coverage policy that while appellant was not over-insured considering the repair costs, he was over-insured in relation to the market value of the property. Prior to appellant's arrest, Home Insurance agreed to pay him the face amount of the $10,000 policy and $981 on the contents policy. The proceeds of the $10,000 policy were assigned by appellant to a public adjustor and a contractor for repair of the premises.

Shortly after the fire, appellant gave a statement of his whereabouts on the night of the fire to the investigating Fire Marshal. He stated that at about 8:00 p.m. on February 28 he had gone to the home of Thomas Gunderman in Philadelphia to collect an overdue bill, that he had left Philadelphia about 9:00 and that he arrived in Absecon to spend the night at about 10:30. This version of appellant's conduct was directly contradicted by the Commonwealth. Eleanor Vacca, a waitress employed directly across the street from the premises, testified that at 11:00 at night on February 28 she had seen appellant loading furniture from the premises onto his truck. This witness further testified that, after closing the restaurant at 11:00 p.m., she usually stayed to clean up and prepare for the next day until 3:30 or 4:00 and that when she left

at 4:30 a.m. on March 1, she saw no fire at appellant's premises. Finally, she testified that prior to the fire appellant had attempted to learn the specific time she left the restaurant each night.

For a conviction in an arson case, three facts must be established: (1) that there was a fire; (2) that it was of incendiary origin; (3) that the defendant was the guilty party. *Commonwealth v. Nasuti*, 385 Pa. 436, 123 A. 2d 435 (1956). The principal question involved in the present appeal relates to the third element, appellant claiming that the evidence was insufficient for the jury to find that appellant had committed the crime.

As is often the case when arson is committed, the evidence of appellant's involvement was entirely circumstantial. Commission of arson may be proved by circumstantial evidence; all that is required is that "the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt." *Commonwealth v. Nasuti, supra*, 385 Pa. at 445.

We believe that this standard has been met. The fact that the Commonwealth failed to produce direct evidence placing appellant at the scene of the crime within 5 hours of the time of the fire does not vitiate the conviction. In *Commonwealth v. De Martini*, 125 Pa. Superior Ct. 392, 189 A. 564 (1937) and *Commonwealth v. Tomaino*, 168 Pa. Superior Ct. 505, 79 A. 2d 274 (1951), circumstantial evidence was held sufficient to permit the inference that the defendant ignited the fire in the absence of direct evidence that the defendant was at the scene near the time of the fire.

The circumstances proved by the Commonwealth justify the inference of the guilt of appellant. Appel-

lant had recently built a new home for himself in Absecon, New Jersey. His Philadelphia residence was located in an area undergoing a decline in value and he would have realized less than half the purchase price of the property if he attempted to sell the property rapidly. Although he had been removing furniture from the property for several months, and although the Fire Captain responding to the fire call testified that the living area of the building was very sparsely furnished a claim was submitted for the face amount of the $3500 insurance policy on the contents of the property. Appellant stood to profit by recovery on the insurance covering both the property and its contents and was the only person with such an interest.

Moreover, the evidence supports an inference of appellant's presence at the scene when the fire was ignited. Some months prior to the fire, appellant was overheard threatening to his wife that he would burn the property. Late at night, 5 hours before the fire, appellant was seen suspiciously removing furniture from the building. In spite of this, appellant told the Fire Marshal that he had left Philadelphia two hours before he was seen at his property.[*] Moreover, before the fire he sought to learn from Eleanor Vacca, whom he knew might be a witness to an early morning fire, the time she ordinarily left the restaurant, and the fire was ignited only minutes after she left the neighborhood.

This evidence adequately satisfied the requirements for circumstantial evidence and was sufficient for the jury to convict appellant of arson and burning with intent to defraud an insurer.

---

[*] The making of a false statement with the intention of establishing an alibi may be considered in determining guilt. *Commonwealth v. Lowry*, 374 Pa. 594, 98 A. 2d 733 (1953).

Additionally, appellant argues that several errors were committed in the course of the trial and the court's charge to the jury. In each instance of alleged trial error, no objection was made to the court's ruling by appellant's counsel. No exception was taken to those portions of the charge which appellant now contends were prejudicial. None of the claims can be deemed "fundamental" and we need not reach their merits, as the claims have not been preserved for appeal.

The judgment of sentence is affirmed.