William MELE and Marie Mele

v.

**ALL–STAR INSURANCE CORPORATION et al.**

Civ. A. No. 76–2637.

United States District Court, E. D. Pennsylvania.

July 24, 1978.

Thomas B. Rutter, Philadelphia, Pa., for plaintiffs.

Harry P. Begier, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

After a jury returned a verdict for defendants, plaintiffs in this action on an insurance contract have filed a post-trial motion for a judgment notwithstanding the verdict or in the alternative for a new trial. Plaintiffs, husband and wife, seek to recover insurance benefits for fire damage to a building located at 730–732 South Broad Street, Philadelphia, which they own and which was partially destroyed by fire on July 26, 1975. Defendants resist plaintiffs' claim on the ground that the fire was of an incendiary origin and was caused to be set by William Mele. In rendering their verdict for defendants the jury accepted this assertion. In their post-trial motion plaintiffs argue that the verdict was against the weight of the evidence and that I erred in instructing the jury that plaintiff Marie Mele was barred from recovery if the jury concluded that her husband was responsible for the fire. I reject both these arguments.

## I. VERDICT AGAINST THE WEIGHT OF THE EVIDENCE:

Plaintiffs contend that the verdict is against the weight of the evidence because there was insufficient evidence for the jury reasonably to conclude that William Mele was responsible for the fire. Although a trial court has much discretion in

deciding whether to grant a new trial, the court must not interfere with a jury verdict on this ground unless it is quite clear that the jury has reached a seriously erroneous result which would amount to a miscarriage of justice if it were left standing. *Lind v. Schenley Industries, Inc.*, 278 F.2d 79, 89 (3d Cir. 1960). Since the allegation of arson by the insured is an affirmative defense, the defendants had the burden to prove by a preponderance of the evidence that William Mele was responsible for the fire. *Greenberg v. Aetna Insurance Co.*, 427 Pa. 494, 496, 235 A.2d 582, 584 (1967). Plaintiffs maintain that defendants have failed to meet this burden.

There was not extensive testimony on the issue of Mr. Mele's responsibility for the fire. The evidence from which the jury could infer plaintiffs' responsibility is circumstantial and is not disputed by plaintiffs except for Mr. Mele's denial that he set or procured others to set the fire. The damaged building was acquired by plaintiffs a few months before the fire and plaintiffs were in the process of altering the interior to accommodate a furniture business which they intended to start. The fire which damaged the building obviously was of incendiary origin. Investigation after the fire disclosed that there had been seven separate fires inside the building caused by the ignition of "set-ups" and five additional "set-ups" which did not ignite. These set-ups had been distributed throughout the second, third and fourth floor of the building, and it was the opinion of Lt. Robert V. Quinn of the Fire Marshal's office that this pattern of set-ups was intended to destroy the entire building.

There was substantial evidence from which a jury could have inferred that William Mele had a motive to destroy the building. Mr. Mele purchased the building for $30,000 but insured it for approximately $203,000, which was its replacement cost. Although they expended approximately $13,000 for renovations plaintiffs still would reap substantial financial benefit if the building was destroyed and they collected their insurance benefits. At the time of the fire Mr. Mele was not employed and was collecting unemployment insurance. He also was in debt in the amount of approximately $35,000. Although he had some experience in the furniture business, this earlier business venture had not been financially successful.

There was other evidence suggesting that someone familiar with the building was responsible for the fire. At the time of the fire Mr. Mele and his family were in Hawaii and therefore plaintiffs could not have set the fire themselves. To find for the defendants the jury would have to infer that Mr. Mele had procured someone else to set the fire. When the firemen arrived at the fire both the front and rear doors to the building were unlocked. Workmen who had been making alterations to the structure did have keys but they had been instructed to lock the doors whenever they left the building. Since the fire was on a Saturday afternoon when the workmen were not present, the doors should have been locked. The jury could have inferred that the arsonist had a key which he or she used to obtain access to the building. Additionally, at least one of the set-ups on the fourth floor used a five gallon container of Buten's Naphtha. A short time before the fire Mr. Mele purchased such a container for the purpose of cleaning the flooring on the fourth floor. I conclude that a jury could have inferred that the container used in the set-up was the one bought by Mele and that the arsonist knew the container was in the building.

Plaintiffs asserted during the trial that there had been labor disputes during the alteration of the building and that laborers possibly were responsible for the fire. However, Lt. Quinn testified that in his experience as an expert in arson, fires resulting from a labor dispute usually involve either the use of a Molotov cocktail or a single open fire used to burn combustibles and that the fire in plaintiffs' building was

not consistent with that pattern. A jury reasonably could have rejected the plaintiffs' theory of the arson.

■ I know of no case law in Pennsylvania setting forth the quantum of evidence which is necessary to support an arson defense by an insurer. The standard is whether the evidence supported a reasonable and legitimate inference that the insured fraudulently burned the building or caused it to be burned. *Ruttenberg v. Fire Insurance Co.*, 122 Pa.Super. 363, 370, 186 A. 194, 196 (1936). A reasonable inference is one not based on speculation or conjecture but rather is a logical consequence deduced from other proven facts. *Commonwealth v. Whitman*, 199 Pa.Super. 631, 634, 186 A.2d 632, 633 (1962). Although this inference must be reasoned from evidence presented, it need not be the only logical conclusion which a jury could reach. *Smith v. Bell Telephone Co.*, 397 Pa. 134, 138, 153 A.2d 477, 480 (1959).

■ To support their argument that there is sufficient evidence of Mr. Mele's responsibility for the fire, defendants cite numerous state criminal cases reviewing the sufficiency of the evidence in arson convictions. Although the standard of proof is more demanding in criminal matters than in this case, those decisions are informative to demonstrate that limited circumstantial evidence showing defendant's connection with the fire may be sufficient to support a verdict if there is clear evidence of an incendiary origin and of the arsonist's strong motive to destroy the structure. *See, e. g., Commonwealth v. Tomaino*, 168 Pa.Super. 505, 79 A.2d 274 (1951); *Commonwealth v. DeMartini*, 125 Pa.Super. 392, 189 A. 564 (1937). It is not necessary to present direct evidence that the arsonist started the fire. *Commonwealth v. Nasuti*, 385 Pa. 436, 444, 123 A.2d 435, 438 (1956); *Commonwealth v. Margie*, 165 Pa.Super. 84, 88, 68 A.2d 194, 196 (1949). Thus in a civil matter to determine whether a reasonable inference exists that an insured is responsible for the fire which damaged the insured property, a jury should consider the combination of evidence of: (1) an incendiary fire; (2) a motive by the insured to destroy the property and (3) circumstantial evidence connecting the insured to the fire.

■ I conclude that it is a reasonable and logical inference that Mr. Mele procured another to set the fire based upon the evidence of the incendiary origin, the substantial financial benefits plaintiffs might have derived from the fire and the inference that someone with a key and familiar with the structure and its contents set the fire. Although the jury logically could have concluded that someone having no connection with Mele set the fire, I do not find that this inference is so compelling that the jury's refusal to accept it was either seriously erroneous or a miscarriage of justice. I conclude, therefore, that the verdict for defendants is not against the weight of the evidence.[1]

## II. BARRING MARIE MELE'S RECOVERY DUE TO THE ARSON BY WILLIAM MELE:

■ Plaintiffs contend that the court committed fundamental error in refusing to charge that plaintiff Marie Mele was entitled to recover monetary damages irrespective of the jury's verdict as to the alleged arson by William Mele. I charged that under Pennsylvania law a wife, who was with her husband co-owner of the insured property and co-insured on a policy, would be barred from any recovery under that policy if her husband was responsible for the fire.

In *Bowers Co. v. London Assurance Corp.*, 90 Pa.Super. 121 (1926), the court

---

1. Plaintiffs also moved for judgment notwithstanding the verdict, although they did not brief this issue. Since I find that there is no basis for a new trial *a fortiori* I could not conclude that there was a sufficient basis for awarding a verdict for plaintiffs.

held that the fraud of one co-insured bars any recovery by others co-insured under the same policy. The court reasoned that recovery turns on whether the insurance contract is joint or is separable between the defrauder and the claimant. If it is joint, then all must be joined in an action on the contract. The court concluded that "[i]f the action is joint it follows that recovery on the policy is prevented by the fraudulent act of either of the assured whether participated in by the other or not." 90 Pa.Super. at 127. Although in *Bowers* the interests of the co-insureds in their property were not the same as those of plaintiffs here, the *Bowers* court noted that "[i]f the insurance is taken in the joint names of two or more persons the general rule prevails and all the assured must join in the action." *Id.* at 126. I conclude that the *Bowers* rationale applies with equal force to the situation in this case. Supporting this conclusion is the decision by the Court of Common Pleas of Washington County, *Matyuf v. Phoenix Insurance Co.*, 27 D. & C.2d 351 (1933), addressing the precise issue raised here. The court there concluded that the acts of the husband in destroying the insured property barred his wife's recovery even though she was not involved at all in his fraudulent acts. The court held that an insurance contract issued jointly to co-owners imposes a joint obligation on the insured parties not to commit any fraudulent acts.

Considering the *Bowers* and *Matyuf* opinions together I find that the law in Pennsylvania is sufficiently clear so as to bind me to conclude that Marie Mele is barred by the fraudulent acts of her husband if the jury determined that he was responsible for the fire. Although plaintiffs cite decisions in other jurisdictions to the contrary, the law on this issue is not uniform elsewhere and does not justify a departure from this clear albeit somewhat vintage position of the Pennsylvania courts. *Compare Howell v. Ohio Casualty Insurance Co.*, 130 N.J.Super. 350, 327 A.2d 240 (1974) *with California Insurance Co. v. Allen*, 235 F.2d 178 (5th Cir. 1956); *Kosior v. Continental Insurance*

*Co.*, 299 Mass. 601, 13 N.E.2d 423 (1938); *Klemens v. Badger Mutual Insurance Co.*, 8 Wis.2d 565, 99 N.W.2d 865 (1959). I conclude, therefore, that there was no error made in charging the jury.