459 A.2d 409

**Frank SPERRAZZA and Angela Sperrazza, H/W, Appellants,**

**v.**

**CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 1, 1983.

Filed April 22, 1983.

Raymond W. Ferrario, Scranton, for appellants.

John R. Lenahan, Sr., Scranton, for appellee.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

This is an appeal from judgment entered on a jury's verdict for appellee, Cambridge Mutual Fire Insurance Company, in an action of assumpsit to recover under a policy of fire insurance. Appellants, Frank and Angela Sperrazza, were the owners of improved real estate located at 536–538 Schultz Court, Scranton, having purchased the property in May of 1979. The building was destroyed by a fire, incendiary in origin, on November 19, 1979. The insurance company denied liability under the policy, contending that the fire had been set by or at the instance of the insureds for the purpose of collecting the proceeds of the policy. Post verdict motions for judgment n.o.v. and new trial were denied and judgment was entered on the verdict for the insurer. In this appeal the Sperrazza's principal argument is that the evidence was insufficient to show that they were responsible for the fire.[1] Because there is no merit in this contention, the judgment will be affirmed.

Arson by an insured to collect the proceeds of a policy of insurance is an affirmative defense. The burden of proving an insured's responsibility for a fire by a fair preponderance of the evidence is on the insurer. *Greenberg*

---

[1] Appellants also argue that error occurred in certain evidentiary rulings by the trial court as well as in its charge. We have reviewed these claims and find them lacking in merit. The opinion of the trial court ably and carefully analyzed these issues, and it is unnecessary to discuss them herein.

*v. Aetna Insurance Co.,* 427 Pa. 494, 235 A.2d 582 (1967); *Ruttenberg v. Fire Association of Philadelphia,* 122 Pa.Super. 363, 186 A. 194 (1936); *Mele v. All-Star Insurance Co.,* 453 F.Supp. 1338 (E.D.Pa.1978). The standard on review is whether the evidence supports a reasonable and legitimate inference that the insured fraudulently burned or caused the building to be burned. To be reasonable, the inference must rest not on speculation or conjecture but must be based on logical deduction from facts proven. Although the inference must be the product of reason from evidence presented, it need not be the only logical conclusion a jury could have reached. *Ruttenberg v. Fire Association of Philadelphia, supra* 122 Pa.Super. at 366, 186 A. at 195; *Mele v. All-Star Insurance Co., Id.,* 453 F.Supp. at 1341. See also: *Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 138, 153 A.2d 477, 479–480 (1959). "[I]n a civil matter to determine whether a reasonable inference exists that an insured is responsible for the fire which damaged the insured property, a jury should consider the combination of evidence of: (1) an incendiary fire; (2) a motive by the insured to destroy the property and (3) circumstantial evidence connecting the insured to the fire." *Mele v. All-Star Insurance Co., supra.*

 The fire at 536–538 Schultz Court was indisputably incendiary. The parties agreed to this fact, and the testimony clearly established that an accelerant had been used. Empty gasoline or fuel oil containers were found in the premises following the conflagration. A profit motive was established by evidence showing that the damaged building had been acquired by appellants only a few months before the fire at a price of $16,500. It had initially been insured for $50,000; one month prior to the fire the coverage had been increased to $75,000. No monies had been expended for improvements in the interim between purchase and the date of the fire. Although there was no direct testimony linking appellants to the blaze, there was circumstantial evidence from which an inference of responsibility for the fire could be drawn. In addition to the sharp and unex-

plained increase in the amount of coverage during appellants' brief ownership and the disparity between purchase price and insurance coverage purchased, it was established that appellants had given the last remaining tenant a notice to quit. By November 14, 1979, five days before the fire, all tenants had moved from the building and the premises were wholly vacant and unoccupied. There was also evidence from which it could be found that the containers of accelerant had been brought onto the premises by one who had a key to the building. Workmen testified that the building had been secured at the end of the workday, and that no accelerants were present at that time. The evidence was that there had not been a forced entry. However, only appellants and their employees had keys or knew where keys could be found. Appellants speculated and attempted to show that the husband of the evicted tenant also knew where a key was kept and could have started the fire. However, the credibility of this evidence as well as the existence of a motive on the part of the tenant was for the jury.

 We agree with the trial court that the evidence was sufficient to permit a reasonable inference that appellants were responsible for the fire which destroyed the insured premises. Appellants' motions for judgment n.o.v. [2] and for a new trial [3] were properly denied.

The judgment is affirmed.

2. A judgment n.o.v. may be entered only in a clear case. In considering such a motion, a reviewing court is required to consider the evidence, together with all reasonable inferences therefrom, in the light most favorable to the verdict winner. *Claytor v. Durham*, 273 Pa.Super. 571, 576, 417 A.2d 1196, 1199 (1980). A judgment n.o.v. is proper only where the facts are such that no two reasonable persons could fail to agree. *Peair v. Home Association of Enola Legion No. 751*, 287 Pa.Super. 400, 409, 430 A.2d 665, 670 (1981); *Kiely v. Southeastern Pennsylvania Transportation Authority*, 264 Pa.Super. 578, 580, 401 A.2d 366, 367 (1979).

3. When considering a motion for a new trial on the grounds that the verdict was against the weight of the evidence, the evidence is not considered in the light most favorable to the verdict winner. Rather, all evidence must be reviewed to determine whether the verdict is so

contrary to the evidence as to shock one's sense of justice, making the award of a new trial imperative so that right may be given another opportunity to prevail. *Cianci v. Burwell,* 299 Pa.Super. 387, 390, 445 A.2d 809, 810 (1982); *Peair v. Home Association of Enola Legion No. 751, supra* 287 Pa.Super. at 410, 430 A.2d at 670. The grant of a new trial is within the sound discretion of the trial judge whose exercise thereof will not be reversed in the absence of a palpable abuse of discretion. *Yandrich v. Radic,* 291 Pa.Super. 75, 79, 435 A.2d 226, 229 (1981); *Canery v. Southeastern Pennsylvania Transportation Authority,* 267 Pa.Super. 382, 391, 406 A.2d 1093, 1097 (1979); *Ditz v. Marshall,* 259 Pa.Super. 31, 35, 393 A.2d 701, 703 (1978).