590 A.2d 1295

**TRANS CANADA CREDIT CORPORATION LTD., Appellee,**

**v.**

**Richard KOSACK d/b/a Family Motors, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 17, 1990.

Filed May 14, 1991.

Robert M. Barrett, Pittsburgh, for appellant.

Gregory M. Devine, Pittsburgh, for appellee.

Before CAVANAUGH, KELLY and FORD ELLIOTT, JJ.

KELLY, Judge.

In this opinion, we are called upon to determine whether the plaintiff-appellee's security interest in an automobile which was perfected in Canada remained superior to that of defendant-appellant who subsequently purchased and resold the automobile without notice of the foriegn security interest. We find that the foriegn security interest is valid and superior over the interests of the defendant-appellant pursuant to 75 Pa.C.S.A. § 1132(c)(2)(ii).

The facts have been succintly set forth by the trial court as follows.

The Plaintiff, a Canadian Corporation, lent money to DiCicco and secured its interest in the loan proceeds with a chattel mortgage. By the terms of the chattel mortgage, the Plaintiff could take immediate possession of the vehicle upon either DiCicco's removal of the vehicle from Canada or DiCicco's sale or transfer of vehicle. DiCicco later removed the vehicle from Canada and obtained a Pennsylvania Certificate of Title on or about April 14, 1987[,] which did not have an endorsement indicating Plaintiff's lien as an encumbrance on the vehicle. The title certificate in Pennsylvania did, however, bear a notation indicating that the vehicle was an "out of state" vehicle.

On May 16, 1987, DiCicco sold the secured vehicle to the Defendant, a Pennsylvania automobile broker and dealer for over forty years. Kosak subsequently resold the vehicle at an interstate auto auction.

\*　　\*　　\*　　\*　　\*　　\*

Not until January of 1988 did Plaintiff make application in Pennsylvania pursuant to 75 Pa.C.S.A. 1132(c)(2)(ii) to perfect its security interest. This allows a security interest to be perfected in the Commonwealth of Pennsylvania before or after the expiration of a four month period within which an out-of-state lien might otherwise be perfected under the laws of the jurisdiction where the motor vehicle was located when the secured interest attached. Thus, Plaintiff styles this filing in January of 1988 a "reperfection" of the security interest.

Tr.Ct.Op. at 2–3.

Trans Canada Credit Corporation, Ltd., plaintiff-appellee, after several demands made to Richard Kosak d/b/a Family Motors, defendant-appellant, which were refused, filed the instant action demanding $4875.00, the uncontested fair market value of the automobile at the time defendant-appellant re-sold the automobile at an auto auction. A non-jury trial resulted in a verdict in favor of defendant-appellant. Upon consideration of post-trial motions, the trial court granted judgment *non obstante veredicto* in favor of plaintiff-appellee.

In this timely appeal, defendant-appellant raises the following two issues for our consideration.

I. DID THE APPELLEE HAVE A PERFECTED SECURITY INTEREST WITHINT [sic] THE MEANING OF 75 PA.C.S. SECTION 1132(C)(2)(ii) AT THE TIME THE VEHICLE IN QUESTION WAS SOLD BY THE APPELLANT?

II. DID THE TRIAL COURT ERROR [sic] IN GRANTING A JUDGMENT NOT WITHSTANDING THE VERDICT?

Defendant-appellant's Brief at 3. After a careful review of the applicable authorities, the parties' briefs, the record and the well-reasoned opinion of the Honorable Bernard S. McGowan, we affirm the first issue on the basis of the trial court opinion as set forth below.

Plaintiff's position is that 75 Pa.C.S.A. 1132(c)(2)(ii) in literal terms provides:

> (ii) If the name of the lienholder is not shown on an existing certificate of title issued by that jurisdiction, the security interest continues perfected in this Commonwealth for four months after a first certificate of title of the vehicle is issued in this Commonwealth, and, thereafter if, within the four-month period, it is perfected in this Commonwealth. The security interest may also be perfected in this Commonwealth after the expiration of the four-month period in which case perfection dates from the time of perfection in this Commonwealth.[ ]

Plaintiff argues that where an out-of-state lien is not shown on the existing certificate of title, a security interest continues perfected in the Commonwealth for four months after a first certificate of title of the vehicle is issued in the Commonwealth regardless of whether the security interest holder applies for its perfection before or after the expiration of the four months. The Defendant argues that Plaintiff, not having perfected it in four months, can only have it perfected from the time of actual application.

The Canadian title proffered to the Commonwealth for retitling indisputably did not note the encumbrance of Plaintiff's interest from Canada.

However, as Plaintiff points out, there was a notation on the Pennsylvania title which Defendant acknowledged to be an indication through the letter code "F" that the Pennsylvania title was derived from a prior out-of-state title which should have placed Defendant on inquiry notice. Defendant was a dealer in automobiles for some

forty years and was not unsophisticated in the matter of auto titles and security interests.

The plain language of the statute gives an absolute and unconditional four-month period within which an out-of-state security interest, if the same were perfected under the law of the jurisdiction where the vehicle was located when the security interest attached, continues perfected in the Commonwealth of Pennsylvania for four months following a Pennsylvania issuance of title.

By reason of the foregoing recited dates, it is clear that Trans Canada's security interest was perfected during the period of time that DiCicco sold the vehicle to the Defendant and at the time when the Defendant sold the vehicle at the Butler auto auction. The law of Ontario which is the applicable out-of-state law does not require notice of an encumbrance to be noted on the Ontario title. To the contrary, under Ontario law, the interest is perfected when a financial statement is registered. The Defendant does not contest Plaintiff's statement that the Canadian security interest was perfected whenever a financing statement was filed with the appropriate authorities in Canada. With Canada not requiring a further notation of an encumbrance on a certificate of title to an automobile, this case is identical with a case decided under virtually the exact provisions of the Uniform Commercial Code containing the same provisions as the aforementioned § (c)(2)(ii). This case concerned a four month unconditional grace period for an out-of-state lienholder with a perfected security interest in the foreign state to have his lien considered perfected in the state to which the vehicle is removed.

In *IAC, Ltd. v. Princeton Porsche–Audi*, 75 N.J. 379, 382 A.2d 1125 (1978), the New Jersey Supreme Court held that the four-month grace period was absolute and unconditional when the Defendant was a dealer in automobiles rather than an innocent consumer purchasing for value. The exact same result is dictated under 75 Pa.C.S. 1132(c)(2)(ii).

Counsel for either party at the time of the case or thereafter was unable to cite any Pennsylvania cases touching on this issue. At Post Trial Argument, the case of *IAC, Ltd. v. Princeton Porsche–Audi, supra,* was cited to the Court as being precisely on point. The reasoning of the New Jersey Supreme Court is persuasive. If the title to an automobile originates in a jurisdiction where there is no requirement that a perfected security interest appear on the face of the title and the automobile is brought into another jurisdiction and a new certificate of title issued showing no security interest, the holder of the security interest continues to have a perfected security interest for four months from the date of issuance of a new title. It is of no moment that the security holder did not perfect its interest until after the four month period expired. The purpose of the Statute is to give the security interest holder a four month period to recover the auto without being foreclosed by the defense of a bona fide purchase for value. This is particularly appropriate when a title indicates a predecessor title of foreign origination. The purpose of this foreign title notation can only be to alert a purchaser that reliance cannot be placed on the absence of an encumbrance of the fact of the present title or that further inquiry as to the foreign title of organization should be made. This is particularly so when the purchaser is a dealer in automobiles and not an unsophisticated consumer.

Tr.Ct.Op. at 3–7.

Defendant-appellant next contends that the trial court erred in granting a judgment n.o.v. We do not agree.

This Court has previously stated the following concerning our review of a grant of a motion for judgment n.o.v.

A judgment notwithstanding the verdict may be entered only in a clear case, *Sperrazza v. Cambridge Mutual Fire Insurance Company,* 313 Pa.Super. 60, 459 A.2d 409 (1983), and is proper only where the facts are such that no two reasonable persons could fail to agree that the verdict is improper. *Buck v. Scott Township,* 325

Pa.Super. 148, 472 A.2d 691 (1984). Judgment n.o.v. should not be entered in cases where evidence is conflicting upon a material fact. *Burg v. Aberman*, 183 Pa.Super. 1, 128 A.2d 179 (1957). In considering such a motion, a reviewing court is required to consider the evidence, together with all reasonable inferences therefrom, in the light most favorable to the verdict winner. *Claytor v. Durham*, 273 Pa.Super. 571, 417 A.2d 1196 (1980).

*Olson v. Dietz*, 347 Pa.Super. 1, 10, 500 A.2d 125, 129 (1985); *see also Lowry v. State Farm Ins. Companies*, 392 Pa.Super. 77, 572 A.2d 700 (1990).

Instantly, a review of the evidence adduced at trial in the light most favorable to defendant-appellant reveals that plaintiff-appellee had perfected its security interest in the automobile under the laws of Canada. DiCicco then removed the automobile from Canada and obtained a Pennsylvania certificate of title on April 14, 1987. In May, 1987, DiCicco sold the automobile to defendant-appellant. Thus, at the time the automobile was brought into this Commonwealth and issued a certification of title, plaintiff-appellee's security interest had been perfected and would remain so for four months. 75 Pa.C.S.A. 1132(c)(2)(ii). We find, therefore, that the evidence is not conflicting and that the entry of judgment n.o.v. was proper.

In conclusion, we affirm defendant-appellant's first contention on the reasoning of the trial court opinion as adopted herein, and we affirm the entry of the judgment n.o.v.

Judgment AFFIRMED.